**Fredrica W. KINNARD, Appellant,**

**v.**

**Louis HOMANN, Individually, and d/b/a Homann & Fielder Real Estate, et al., Appellees.**

**No. 3–87–199–CV.**

Court of Appeals of Texas, Austin.

April 27, 1988.

Rehearing Denied May 25, 1988.

Charles Kimbrough, Blundell, Moore & Kimbrough, Lockhart, for appellant.

Jeff Kavy, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellees.

Before SHANNON, C.J., and GAMMAGE and SMITH*, JJ.

SHANNON, Chief Justice.

Appellant Fredrica W. Kinnard seeks to set aside a take-nothing summary judgment rendered by the district court of Caldwell County in a third-party suit against appellees Louis Homann, James E. Fielder and Homann & Fielder Real Estate. The district court severed the third-party suit from Kinnard's pending wrongful fore-

---

* Before Earl W. Smith, Justice (Retired), Third Court of Appeals, sitting by assignment. Tex. Gov't Code § 73.012 (Pamp.1988).

closure suit against her note-holder and others. This Court will reverse the summary judgment.

As of October 1, 1980, Kinnard was fee owner of a house and lot in Luling. The property was subject to a mortgage debt and liens. By June 1985, Kinnard was living in Odessa and during that month the parties signed a listing agreement whereby appellees agreed to act as real estate brokers in an effort to sell the Luling property.

During the parties' agency relationship, appellees became aware that the note-holder claimed that Kinnard was delinquent in her payments, that the note-holder accelerated the note, and that the note-holder intended to foreclose on the property. Appellees did not inform Kinnard of any of the above facts. The note-holder caused the trustee to post notice and the property was sold at a trustee's sale on September 3, 1985. Kinnard learned of the foreclosure in a telephone conversation with one of the appellees on October 22, 1985.

In her third-party suit, Kinnard sued appellees for damages claiming that they violated the Deceptive Trade Practices Act, were guilty of negligence or gross negligence in failing to disclose said facts to her, and for breach of fiduciary duty in failing to reveal such facts to her.

Appellees filed their motion for summary judgment claiming that the parties' relationship was governed exclusively by the terms of the listing agreement. Appellees asserted in their motion for summary judgment

### IV.

[T]hat the relationship between [appellees] and Kinnard was the traditional real estate agency relationship which is a special agency limited to showing property and finding a purchaser.

### V.

As a matter of law there is no duty on a real estate agent to advise his client of an impending foreclosure due to the client's delinquent payments on the real estate.

The validity of the summary judgment turns upon whether appellees had a duty to inform Kinnard of the pending foreclosure against the Luling property. If such duty existed, then Kinnard stated a cause of action and the summary judgment must be reversed.

On appeal and in defense of the summary judgment, appellees insist that the relationship between the parties was the traditional real estate agency relationship which imposed upon appellees only the duty to show the property and attempt to locate a buyer. Appellees rely upon *James v. CPR Corp.*, 623 S.W.2d 733, 740 (Tex.App.1981, writ ref'd n.r.e.), and *UTL Corp. v. Marcus*, 589 S.W.2d 782, 784 (Tex.Civ.App.1979, no writ), as authority for the general propositions that "the broker is a special agent limited to showing the property and finding a purchaser" and a broker must "exercise good faith toward his principal in all matters within the scope of his employment." Appellees claim accordingly that they had no duty to advise Kinnard of the impending foreclosure because such was outside the scope of their agency relationship.

Kinnard does not disagree with appellees' authorities but suggests, instead, that one or more regulations of the Texas Real Estate Commission, incorporated by law into the parties' agreement, imposed upon appellees the duty to disclose to her the impending foreclosure. Kinnard emphasizes, for example, Tex. Real Estate Comm'n, 22 Tex.Admin.Code § 535.1(f) (Jan. 1, 1976), which provides:

> A real estate broker owes the very highest fiduciary obligation to his principal and is obliged to convey to his principal all information of which the agent has knowledge and which may affect the principal's decision.

■ Kinnard correctly asserts that law, existing at the time a contract is formed, becomes a part of the contract. *Langever v. Miller*, 124 Tex. 80, 76 S.W.2d 1025 (1934). Valid agency rules and regulations, promulgated within the agency's authority, have the force and effect of law. *Lewis v.*

*Jacksonville Bldg. and Loan Ass'n,* 540 S.W.2d 307 (Tex.1976).

■ Because the Commission's regulation was, by law, a part of the listing agreement, the agreement imposed on appellees the general duty to inform Kinnard of all information that might affect her decision about the listed property. This Court concludes that an obligation to inform Kinnard that foreclosure proceedings were pending against her property is an aspect of that general duty.

The judgment is reversed and the cause is remanded for trial.